

**MEMO ENDORSED**

KEVIN G. FALEY
ANDREA M. ALONSO □
KENNETH E. PITCOFF
PATRICIA E. PERMAKOFF
KEVIN F. MAHON
MICHAEL V. CAMPANILE
LINA C. ROSSILLO
JAMES A. PANNONE □
EDWARD J. HARRINGTON
WILLIAM J. MANNING, JR.
DONNA M. WHITE
MARK A. HEALY
ALLYSON P. LUBELL
GAIL S. KARAN
JENNA L. MASTRODDI □
ELIZABETH A. FILARDI
IRYNA S. KRAUCHANKA
DORIS RIOS DUFFY
JEOUNGSON KIM
CHRISTOPHER R. INVIDIATA
REBECCA J. ROSEDALE □
CRISTINA SOLLER
AMANDA M. ZEFI □
LAWTON W. SQUIRES
ROBERT E. O'CONNOR
CHRISTOPHER M. ROGERS
DAWN C. FAILLACE-DILLON
JUSTIN E. ANGELINO
GEORGE APRILAKIS
CHARLES M. KERR
ROBERT S. WHITBECK

**MORRIS DUFFY ALONSO FALEY & PITCOFF**
101 GREENWICH STREET
NEW YORK, NY 10006
(212) 766-1888
FAX (212) 766-3252
WWW.MDAFNY.COM

NASSAU
1 OLD COUNTRY ROAD
CARLE PLACE, NY 11514

SUFFOLK
ONE HUNTINGTON QUADRANGLE
MELVILLE, NY 11747

WESTCHESTER
445 HAMILTON AVENUE
WHITE PLAINS, NY 10601

GREENE
11 WHISPER CREEK DRIVE
WINDHAM, NY 12496

NEW JERSEY
744 FLOYD STREET
ENGLEWOOD CLIFFS, NJ 07632

SAMAN ASLAM
ROBERT J. BARD
MEGAN K. BERNARDO
TESLA CARRASQUILLO
LAUREN CASPARIE
JOAN M. COCHA □
NATALIE CORRISS
JOSH CORTAVARRIA
MICHAEL A. CZOLACZ
NAOMI DANIELS
ARDINEZ A. DOMGJONI□
ARIANNA EFSTATHIOU
PATRICK FINLEY
VINCENT D. FINNEGAN
FRANK H. FOSTER
IRA E. GOLDSTEIN
ELIZABETH A. GRIFFIN
MICHAEL HARTMAN
OLIVIA R. HELLERICH□
MARITANNA ISAKOV
CHARLOTTE KAYSEN
ROBERT MAROTTA
RORY MCMANUS

CHRISTOPHER NAHAS
GREGORY S. NELSON
BRIAN R. O'CONNOR
MARISSA PADOVANO
ANTHONY PALMIOTTO
TAMAR S. PELTZ
PATRICK PRAGER
TIMOTHY PRYOR
ROBERT J. REILLY
DANIELLE J. REISS+
TATIANA SAMSONOVA-BELLO
YEKATERINA SAPSON □
STEPHEN L. SCHIOPPI
DAVINDERPAL SINGH
RICHARD E. STIEK □
GARY M. SUNSHINE
INNA V. TERES
VIKTORIYA UKHOVA
MICHAEL A. VICARIO^
SAMUEL VODOPIA
BRIANNA WEPPLER
MICHAEL ZAITZ

_____
□ ADMITTED IN NY AND NJ
* ADMITTED IN NJ
» ADMITTED IN NY AND PA
+ ADMITTED IN NY, NJ AND PA

OF COUNSEL
JOHN J. DUFFY (1925-2023)
MICHAEL B. TITOWSKY

November 28, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/1/2025__

Honorable Nelson Stephen Roman
United States District Court Southern District
300 Quarropas Street
White Plains, New York 10601-4150

(see p. 2)

Re:    ***Darnell R. Hicks v. J. Marques #154, et. al.***
*Docket No.: 7:24-cv-07890- NSR*

Dear Judge Roman:

We represent the defendants, J. MARQUES #154 and MALFETANO #170 in the above matter. Please allow this letter to serve as a status update pursuant to the Court's directive. The criminal charges against the *ProSe* Plaintiff arising from this incident are still pending in state court. We have been advised that the matter has been further adjourned to January 6, 2026. Given same, we respectfully request that the stay continue to be extended until the conclusion of these state court proceedings, or the matter dismissed without prejudice pursuant to the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971).

Pursuant to the doctrine of *"Younger* abstention," federal courts "should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." See Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir.2003).  Younger abstention is required when

three conditions are met: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).    "Federal courts must abstain from exercising subject matter jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." Wilson v. Emond, 373 Fed. App'x. 98, 100 (2d Cir. 2010). ""[W]hen Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." Diamond "D" Constr., 282 F.3d at 197 (2d Cir.2002).

Applying these criteria, courts in the Second Circuit have repeatedly held that Younger abstention prohibits district courts from exercising jurisdiction over cases where there is a parallel criminal action about the same underlying conduct pending against the plaintiff in state court.  See Manchanda v. Bose, No. 14 CIV. 9658 LGS, 2015 WL 81998, at *3 (S.D.N.Y. Jan. 6, 2015) (dismissing plaintiff's complaint for constitutional violations without prejudice due plaintiff's pending criminal proceeding); Andujar v. City of New York, No. 11 CIV. 5466 RJS, 2012 WL 5177515, at *4 (S.D.N.Y. Oct. 16, 2012) (dismissing the action pursuant to the abstention doctrine as plaintiff's state action is ongoing); Barker v. Suffolk Cnty., No. 24-CV-07941 (OEM) (JMW), 2024 WL 4827739, at *2 (E.D.N.Y. Nov. 18, 2024) (holding that the Younger abstention doctrine applies as the federal courts cannot interfere with an ongoing  state criminal proceeding); Owens v. Inc. Vill. of Garden City, No. 23-CV-07730-JMA-ST, 2024 WL 4728593, at *5 (E.D.N.Y. Nov. 8, 2024)(administratively closing § 1983 case during pending criminal proceeding and permitting plaintiff to request in writing that the case be reopened within two weeks of conclusion of underlying case).

In the case at bar, Plaintiff's complaint alleges, *inter alia,* First Amendment violations stemming from an arrest on October 8, 2024.  Two defendants in this action, Police Officer Jason Marques and Police Officer Brett Malfetano, signed violations charging Plaintiff with Disorderly Conduct as he violated section 240.20(3) of the Penal Law of the State of New York.  (Ex. A). This charge remains pending in Ossining Town Court and have been assigned the docket number 24100117. Accordingly, it is respectfully submitted that this case should not proceed until the underlying state court criminal case is resolved.

Thank you for considering my clients' position in this matter.  Should the court require additional briefing on this issue, we respectfully request that this letter be construed as a request for a pre-motion conference request under Your Honor's Individual Rules of Practice.

**Defendants J. Marques #154's and Malfetano #170's request for an extension of the stay is GRANTED without prejudice to renew. The instant action shall be stayed until January 26, 2026, by which time the parties are directed to provide the Court with a status update of the pending state criminal proceedings and their effect on the instant action. The Clerk of Court is directed to terminate the motion at ECF No. 29 and to mail a copy of this endorsement to pro se Plaintiff at his address as it is listed on ECF and to show service on the docket.**

Respectfully submitted,
MORRIS DUFFY ALONSO FALEY & PITCOFF

 /s/ Lauren Casparie
Lauren Casparie
101 Greenwich St. 22nd Floor
New York, New York 10006
*Counsel for Defendants*

**Dated: December 1, 2025**
**White Plains, New York**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

CC:    **<u>VIA EMAIL AND CERTIFIED MAIL</u>**
Darnell R. Hicks
*Pro se Plaintiff*
901 Main Street, Apt. 6C
Peekskill, NY 10566
E: stizzy730@gmail.com