USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    12/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARNELL R.  HICKS,

                          Plaintiff,

              -against-

J. MARQUES #154, ET AL.,

                          Defendants.

24-CV-7890 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

On November 28, 2025, pro se Plaintiff filed 11 motions raising evidentiary concerns in his state matter and generally requesting judicial intervention from this Court. Pursuant to the Supreme Court decision in *Younger v. Harris*, 401 U.S. 37 (1971), courts in the Second Circuit have repeatedly held that *Younger* abstention prohibits district courts from exercising jurisdiction over cases where there is a parallel criminal action about the same underlying conduct pending against the plaintiff in state court. *See Andujar v. City of New York*, No. 11 CIV. 5466 RJS, 2012 WL 5177515, at *2-5 (S.D.N.Y. Oct. 16, 2012) (dismissing the action pursuant to the *Younger* abstention doctrine as plaintiff's state action is ongoing); *Barker v. Suffolk Cnty.*, No. 24-CV-07941 (OEM) (JMW), 2024 WL 4827739, at *2-3 (E.D.N.Y. Nov. 18, 2024) (holding that the *Younger* abstention doctrine applies as the federal courts cannot interfere with an ongoing state criminal proceeding); *see also Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002) ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

Accordingly, this Court cannot intervene in Plaintiff's ongoing state matter and Plaintiff should raise his concerns in the state court before which his state action is pending. The Clerk of Court is directed to terminate the motions at ECF Nos. 32–42 and to mail a copy of this

endorsement to pro se Plaintiff at his address as it is listed on ECF and to show service on the

docket.

SO ORDERED.

Dated: December 3, 2025
       White Plains, New York

_____
Nelson S. Román, U.S.D.J.